IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:17-cr-222 |
| | : | Civil No. 1:20-cv-994 |
| v. | : | |
| | : | Judge John E. Jones III |
| JOSE ROLDAN-QUINONES, | : | |

**ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF FUTURE
MOTIONS UNDER 28 U.S.C. § 2255**

**June 22, 2020**

**TO THE DEFENDANT:**

THIS DOCUMENT CONTAINS IMPORTANT INSTRUCTIONS REGARDING YOUR LEGAL RIGHTS AND RESPONSIBILITIES. IT IS IMPORTANT THAT YOU READ THE ENTIRE DOCUMENT CAREFULLY BEFORE COMPLETING THE ENCLOSED ELECTION FORM.

The Court has received a filing from you which we have construed as a motion under 28 U.S.C. § 2255. Pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the purpose of this order is to inform you of the limitations on your ability to file another § 2255 motion in the future if the Court considers your current motion. The eighth paragraph of § 2255 bars second or successive § 2255 motions unless there are exceptional circumstances and the defendant has obtained permission to file another § 2255 motion from the appropriate court of appeals. This

means that if your current § 2255 motion is considered on the merits and rejected, you no longer have the right simply to file another § 2255 motion in this Court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current motion.

Instead, you would have to move in the court of appeals for a certificate allowing you to file another § 2255 motion. The grounds upon which you could rely on to obtain that certificate, and proceed with another § 2255 motion, are limited to two extremely rare circumstances:   (1) newly discovered evidence, that is, evidence that was not available to you at the time you were convicted or   (2) a new rule of constitutional law that was previously unavailable to you and is made retroactive to cases on collateral review by the Supreme Court.   Because these grounds are so limited, in most cases, they will result in the denial of a certificate to file a second or successive § 2255 motion, thereby barring the litigation of grounds that had not been presented in the first § 2255 motion.

Thus, you should carefully consider whether the current § 2255 motion raises all grounds for relief from your conviction.   If you think it may not, you may want to withdraw the motion before the Court considers it.   The Court will allow you to do this now without prejudice to your right, after you have given the motion more thought, to file another § 2255 motion.

Be forewarned, however, that if you do decide to withdraw your current motion with the intent of filing a comprehensive § 2255 motion in the future, the sixth paragraph of § 2255 sets forth a one-year statute of limitations for filing a § 2255 motion. You should look at the sixth paragraph for when this period starts to run, but, generally, it begins to run from the date your conviction became final. This date depends on the particular procedural history of your case. If you did not take a direct appeal, the period would begin to run 10 days from the date you were sentenced, excluding intermediate Saturdays, Sundays and federal holidays. If you did take a direct appeal, but did not apply for certiorari from the Supreme Court, the period would begin to run 90 days after the date the court of appeals entered its judgment. If you did seek certiorari, the period would begin to run from the date the Supreme Court denied certiorari or affirmed the conviction and sentence.

You are advised that if you dismiss the instant motion in order to file an all-inclusive one later, the statute of limitations continues to apply and might bar the filing of any such successive motion. In other words, neither the fact that you filed the current motion nor the fact that the Court permitted you to withdraw it without prejudice to file an all-inclusive one would toll the running of the statute. The one-year statute of limitations period would still be calculated as running from the date your conviction became final.

The court will grant you 30 days to decide whether to stand on your current motion or to withdraw it so that you can file an all-inclusive § 2255 motion. You should complete the attached election form and return it to the Court within these 30 days. If you do not indicate within 30 days whether you want go forward with the current motion, the Court will treat the current motion as a motion under § 2255 and rule on it. You are advised that this thirty-day period does not extend the statute of limitations. If you withdraw your current motion in order to file one all- inclusive motion, the statute of limitations continues to apply and might expire before you file that all-inclusive motion, even if you file it within the thirty-day period. The statute might therefore bar consideration of the claims in your all-inclusive motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant is granted leave to elect, within 30 days of the date of this order, to withdraw the current motion or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

2. Defendant shall file, within 30 days of the date of this order, the attached election form, indicating an election to withdraw the current motion or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

3. Failure to comply with this order will result in the current motion being

construed and ruled upon under 28 U.S.C. § 2255.

                                                    s/ John E. Jones III
                                                    John E. Jones III, Chief Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:17-cr-222 |
| | : | Civil No. 1:20-cv-994 |
| v. | : | |
| | : | Judge John E. Jones III |
| JOSE ROLDAN-QUINONES, | : | |

## **ELECTION FORM**

    I, _____, defendant in the above-captioned case, have read the accompanying order in its entirety and make the following election:

\_\_\_\_    I choose to have the Court rule on my motion as filed under 28 U.S.C. § 2255. I understand that I may be forever barred from presenting in federal court any claim not presented in my motion. I further understand that by doing so I lose my ability to file a second or successive § 2255 motion absent certification by the Court of Appeals, and that the potential for relief is further limited in a second or successive petition.

\_\_\_\_    I choose to withdraw the motion as filed so that I may file one all-inclusive motion under 28 U.S.C. § 2255 within the time allowed by that statute.

YOUR CHOICE ON THIS FORM, AS WELL AS THE FAILURE TO MAKE A CHOICE, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

    _____  _____
    (Signature)
                                                             (Date)