IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:17-cr-222 |
| | : | 1:20-cv-994 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOSE ROLDAN-QUINONES, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

## May 12, 2021

Pending before the Court is Defendant Jose Roldan-Quinones' ("Defendant" or "Roldan-Quinones") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (the "Motion"). (Doc. 59). The parties have fully briefed the Motion making this matter ripe for our review. (Docs. 68 and 71). For the reasons that follow, the Motion shall be denied and a certificate of appealability shall not issue.

**I.     BACKGROUND**

On September 4, 2019, Roldan-Quinones pled guilty pursuant to a plea agreement to Count One of a multiple count indictment, charging him with conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine hydrochloride, in violation of 21 U.S.C. § 841.  (Doc. 41).  The count of conviction carried a ten- year mandatory minimum.  On February 26,

2020, the Court sentenced Roldan-Quinones to the mandatory minimum term, to be served consecutively to a 18-month sentence for revocation of supervised release imposed by the District of Puerto Rico.[1] (Doc. 55). Roldan-Quinones did not take a direct appeal.

Thereafter, on May 29, 2020, the Defendant filed the instant §2255 Motion. Distilled to its essence, Defendant's *pro se* Motion contends that defense counsel was ineffective in her representation of Roldan-Quinones because there was insufficient evidence to find him culpable for 5 kilograms or more of cocaine base, and his attorney did not challenge this alleged deficiency.

## II. LEGAL STANDARDS

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783-84 (1979) (citations omitted). *See also United States v. Addonizio,* 442 U.S. 178, 185-86 (1979); *United States v. Essig,* 10 F.3d 968, 977 n.25 (3d Cir. 1993).

---

[1] In 2011, Roldan-Quinones was convicted of possession with intent to distribute 500 grams and more of cocaine and possession of a firearm by a prohibited person in the District of Puerto Rico. He was serving a term of supervised release related to that conviction when he committed the instant offense of conviction. One June 13, 2018, the sentencing judge in the District of Puerto Rico imposed an 18-month term of imprisonment for this violation of supervised release.

### A. Hearing on Motion

"Generally, if a prisoner's ' 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig,* 10 F.3d at 976 (citations omitted). A defendant is not entitled to a hearing, however, if his allegations are contradicted by the record or if they are patently frivolous. *Solis v. United States,* 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted). Similarly, the district court is not required to hold a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. ' 2255; Rule 4(b) of the Rules Governing ' 2255 Proceedings for the United States District Courts; *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). The Court has reviewed the submissions in this matter and it is our considered view that a hearing is not warranted here.

### B. Ineffective Assistance of Counsel

Since the bulk of Roldan-Quinones' Motion concerns an allegation of ineffective assistance of counsel, we begin with the well-established standard for such claims under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S.

668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-guess" every decision made by their representative. *Strickland,* 466 U.S. at 689. Every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. There is a "strong presumption" that the actions of defense counsel were reasonable, and the burden rests with the defendant to overcome this high bar. *Id.* at 689. Furthermore, it is imperative that post-trial or post-plea inquiries not lead to an endless cycle of litigation, where the accused can challenge the result until he finds the one most favorable. *See id.* at 689–90.

4

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v. Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable"). The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A simple error, if it had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland,* 466 U.S. at 691.

### III. DISCUSSION

#### A. Ineffective Assistance

As noted above, Roldan-Quinones contends contends that defense counsel was ineffective in her representation of him based on Defendant's allegation that there was insufficient evidence to hold him responsible for 5 kilograms or more of cocaine hydrochloride. Thus, Roldan-Quinones submits that his mandatory minimum sentence of 120-months was inappropriately imposed and he is being held in custody pursuant to an illegal sentence.

5

Roldan-Quinones' position is flatly contradicted by the transcribed record of his guilty plea hearing, which demonstrates that the Defendant agreed, without hesitation, to the drug weights proffered by the Government. (Doc. 65 at 19:5-7). The amounts set forth by the Government, and agreed to by the Defendant, clearly establish 5 kilograms and more of cocaine hydrochloride were involved in the conspiracy. (Doc. 65 at 18:5-22). Further undermining the Defendant's position is that he unequivocally agreed at the guilty plea hearing that he was subject to a mandatory minimum ten-year sentence. (Doc. 65 at p. 11:9-13). Thus, because "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," Defendant's contention that his counsel should have objected to the drug weight attribution in his presentence investigation report fails. *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir. 1999).

Although we are not required to do so based on our finding that counsel was not ineffective, it is worth stating that Roldan-Quinones was not prejudiced by the performance of counsel. As described above, Roldan-Quinones was advised that he was facing a 10-year statutory mandatory minimum sentence as a result of his plea of guilty to Count 1 of the Indictment and acknowledged the same. The Court ultimately imposed that minimum sentence upon him. Moreover, in exchange for his plea of guilty to Count 1, the Government agreed to dismiss Count 2 of the

Indictment, which charged the Defendant with distribution of 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(ii). Had Defendant proceeded to trial on both charges rather than accepted the plea agreement negotiated for him by his counsel, his penalties would have been significantly greater. In sum, Roldan-Quinones was certainly not prejudiced, nor was he surprised, to receive the minimum statutory penalty connected to his count of conviction.

### B. Certificate of Appealability

Based on the foregoing analysis, we do not find that Roldan-Quinones has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 59) shall be denied. An appropriate Order shall issue.